# In the United States Court of Federal Claims

ANTHONY ROMERO HORN, SR.,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

No. 23-509 C

(Filed: September 22, 2023)

Anthony Romero Horn, Sr., Hyattsville, MD, pro se.

Kara M. Westercamp, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction and Addressing Other Papers**

**SILFEN,** *Judge.*

Mr. Anthony Romero Horn, Sr., filed a complaint in this court for, among other things, monetary relief stemming from a November 2008 District of Columbia family court order, in which Mr. Horn was ordered to pay child support. Accompanying his complaint, Mr. Horn filed a request to proceed in forma pauperis, seeking to litigate this case without paying the court's filing and administrative fees. ECF No. 2. Having reviewed Mr. Horn's application, the court **grants** his motion to proceed in forma pauperis.

The government filed a motion to dismiss Mr. Horn's complaint. ECF No. 10. Later, Mr. Horn filed a motion to amend his complaint. This court does not have jurisdiction over Mr. Horn's claims, both because they are not within the court's prescribed subject-matter jurisdiction and because even if it they were, those claims would be time-barred. Mr. Horn's proposed motion to amend his complaint does not correct the issues relating to this court's lack of subject-matter jurisdiction, and an amendment would therefore be futile. Thus, this court **dismisses** Mr. Horn's complaint and **denies** his request to amend his complaint.

## I.      Background

On April 11, 2023, Mr. Horn filed this action raising various constitutional, criminal, and state law claims. ECF No. 1-1.[1] All of Mr. Horn's allegations appear to stem from the enforcement of a child support order from the D.C. Child Support Services Division that was issued against Mr. Horn some time before November 21, 2008. *See id* at 1. Mr. Horn's allegations include that (1) he was not properly served papers by the court in his child support case (*id.* at 2); (2) his case was overseen by a magistrate judge, who, Mr. Horn argues, does not have the constitutional authority to rule on Mr. Horn's case (*id.* at 1-3); and (3) various local and municipal staff members committed criminal acts and violated his rights by entering orders against him without signatures (*id.* at 2-4). Mr. Horn's allegations name numerous District of Columbia employees including the magistrate judge or judges overseeing his case, the Deputy Clerk of the D.C. Superior Court, the D.C. Attorney General, and staff at the D.C. Child Support Services Division. *Id*. at 1-4. According to Mr. Horn, the unlawful garnishment of his wages has resulted in his losing two vehicles and being evicted more than once. *Id*. at 3. In his complaint, Mr. Horn shows an unpaid balance to a "Department of Human Services" of $62,632 as of December 29, 2022. *Id*. at 15.

## II.      Discussion

The government moves to dismiss the complaint, arguing, among other things, that (1) the statute of limitations bars all of Mr. Horn's claims (ECF No. 10 at 2); (2) the court lacks jurisdiction to consider Mr. Horn's claims arising from criminal statutes (*id.* at 3); (3) Mr. Horn's claims identify several individuals who work for the District of Columbia and the D.C. Child Support Services Division as defendants, and this court only has jurisdiction over claims against the United States (*id.* at 3-4); and (4) Mr. Horn's constitutional claims are non-money mandating and outside of the jurisdiction prescribed by the Tucker Act (*id.* at 4-5). Mr. Horn responds that the government's motion to dismiss is proof of collusion between the U.S. Department of Health and Human Services and the District of Columbia to continue to violate his rights and should therefore be denied.[2] *See* ECF No. 12 at 1-6.

On a motion to dismiss under rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. *See* RCFC 12(b)(1), (h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

---

[1] The argument and background to Mr. Horn's complaint appear in an unpaginated exhibit to the complaint, ECF 1-1. Accordingly, the court refers to the ECF filing page numbers.

[2] Mr. Horn's response to the government's motion to dismiss is titled a "Motion to Strike," and in his filing, Mr. Horn requests that the court strike and dismiss the government's motion to dismiss. As discussed below, the court interprets Mr. Horn's filing as a response to the government's motion to dismiss as well as a motion to strike.

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted).

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

The U.S. Court of Federal Claims has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." (marks omitted)). Accordingly, the court has exercised its discretion in this case to examine the pleadings and record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523, 2020 WL 114521 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *accord Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor* and *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

A plaintiff may amend his complaint under RCFC 15(a)(1) as a matter of course either (A) within "21 days after service of the pleading" or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier." Additionally, a party may amend his complaint under RCFC Rule 15(a)(2) with the other party's consent or the court's leave, which should be given "when justice so requires." Courts construe this language liberally, and generally grant leave to amend barring any "apparent or declared reason" not to permit amendment. *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, the court should deny leave to amend if the amendment would be futile. *Id.*

### A.     Mr. Horn has prosecuted his claims

In a response to Mr. Horn's motion to amend his complaint, the government argues that this court should dismiss Mr. Horn's complaint for failing to prosecute his claims. ECF No. 18 at 1-2. According to the government, because Mr. Horn failed to file a response to the motion to dismiss, this court would be justified in dismissing his complaint. *Id.*

This court may dismiss a complaint for failure to prosecute when a plaintiff fails to respond to a motion by the government. RCFC 41(b) ("If the plaintiff fails to prosecute . . . the court may dismiss on its own motion[.]"); *see Cerf v. United States*, 621 F. App'x 651, 652 (Fed. Cir. 2015) ("[Plaintiff] failed to file an opposition to the government's motion to dismiss by the trial court's

… deadline. Accordingly, … the court dismissed [plaintiff's] complaint for failure to prosecute."); *Coakley & Williams Constr., Inc. v. United States*, No. 11-191C, 2012 WL 2866291, at *1-2 (Fed. Cl. July 13, 2012) (dismissing case pursuant to RCFC 41(b) where the government sought "dismissal of plaintiff's complaint with prejudice for failure to prosecute"). In some cases, this court has first ordered the plaintiff to show cause for failing to respond to the government's motion before dismissing for failure to prosecute. *See, e.g., Reaves v. United States*, No. 03-2174C, 2005 WL 6112619, at *1 (Fed. Cl. Aug. 5, 2005) ("Defendant filed a motion to dismiss, which Plaintiff failed to timely oppose … [Then], the Court entered an Order to Show Cause directing Plaintiff to demonstrate why the Court should not dismiss his complaint for failure to prosecute.").

Here, dismissing Mr. Horn's complaint for failure to prosecute would be inappropriate. As the government acknowledges in its motion (*see* ECF No. 18 at 1), Mr. Horn has submitted multiple filings after the government's motion to dismiss, including a "motion to strike" the government's motion (ECF No. 12) and a motion to amend his complaint (ECF No. 16). In responding to those motions, the government suggests that this court could construe Mr. Horn's motion to strike as a response to the motion to dismiss. ECF No. 15. This court did not issue an order directing Mr. Horn to otherwise respond to the government's motion to dismiss, nor did he receive any warning from the court that any inaction might result in dismissal. The court accepts the government's proposal and construes Mr. Horn's motion to strike (ECF No. 12) as a response to the motion to dismiss. Mr. Horn has sufficiently prosecuted his case.

## B.    The statute of limitations bars Mr. Horn's claims in this court

This court lacks jurisdiction to hear Mr. Horn's complaint because his claims are barred by the six-year statute of limitations. Mr. Horn does not directly address the government's argument that his claims are time barred in his reply, nor does he do so in his motion to amend his complaint.

Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The Tucker Act's six-year statute of limitations is considered "jurisdictional," as it limits the government's waiver of sovereign immunity, and the court must consider the timeliness of a claim even if neither party raises it. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). Causes of action under the Tucker Act accrue as soon as "all events have occurred to fix the Government's alleged liability." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc).

Mr. Horn's complaint centers around the enforcement of a child support order that was entered sometime before November 21, 2008. *See* ECF No. 1-1 at 1. Mr. Horn's complaint also alleges that the government's unlawful action led to the loss of a vehicle in 2014, allegedly due to his inability to satisfy his child support obligations. *Id.* at 3. Even if this court otherwise had subject-matter jurisdiction over Mr. Horn's child support order, or claims relating to the repossession of his vehicle, those claims occurred more than six years ago and are late in this court, *see Martinez*, 333 F.3d at 1304, depriving the court of the authority to hear the case, *see John R. Sand & Gravel*, 552 U.S. at 753-54.

**C.      This Court also does not have jurisdiction over the subject matter of Mr. Horn's claims**

The government argues that, in addition to Mr. Horn's complaint being time barred, this court otherwise lacks jurisdiction over the subject matter of Mr. Horn's claims. The government contends that the court lacks jurisdiction over claims arising from (1) criminal statutes, (2) D.C. Superior Court decisions, (3) actions undertaken by various local officials, and (4) constitutional provisions that are not money mandating. ECF No. 10 at 2-5. Mr. Horn's response does not directly address the substance of the government's argument. *See generally* ECF No. 12.

The various claims by Mr. Horn that allege criminal conduct—including 18 U.S.C. § 242, deprivation of rights under color of law, 18 U.S.C. § 245, federally prohibited activities, and 18 U.S.C. § 666, theft or bribery related to federal funds—are outside this court's jurisdiction. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("[T]he CFC . . . has no jurisdiction over criminal matters generally."); *see also*, *Canuto v. United States*, 651 F. App'x 996, 997-98 (Fed. Cir. 2016) (holding that 18 U.S.C. § 242 is not money-mandating and noting "the general rule that the Tucker Act does not grant the Court of Federal Claims jurisdiction to enforce the federal criminal code"); *Spehr v. United States*, 51 Fed. Cl. 69, 93 (2001), *aff'd*, 49 F. App'x 303 (Fed. Cir. 2002) (holding 18 U.S.C. § 245 is not money mandating because its provisions do not confer "a substantive right to recover money damages against the United States"); *Williams v. United States*, No. 21-CV-1632, 2022 WL 838301, at *3 (Fed. Cl. Mar. 21, 2022), *aff'd*, No. 2022-1712, 2023 WL 193163 (Fed. Cir. Jan. 17, 2023) (holding the Court lacks jurisdiction over 18 U.S.C. § 666 claims). This court therefore lacks jurisdiction to decide Mr. Horn's claims stemming from the various criminal statutes he cites.

Mr. Horn's complaint contains allegations against the D.C. Government Child Support Services Division and includes the "Judge Magistrate(s), the Deputy Clerk, Attorney General, and Assistant Attorney General" as individuals who have allegedly deprived him of his rights. ECF No. 1-1 at 1; *see also* ECF No. 12 at 4. It is settled that this court's jurisdiction does not extend to claims against defendants other than the federal government. *Starnes v. United States*, 162 Fed. Cl. 468, 472 n.4 (2022) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (additional citations omitted)); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States"). To the extent that Mr. Horn's claims can be construed as against private persons, the District of Columbia, its courts or agents, or other non-federal actors, this court lacks jurisdiction over those claims. *See Sindram v. United States*, 67 Fed. Cl. 788, 794 (2005) ("Congress has not authorized the court to adjudicate claims against the District of Columbia or any of its agencies.") (citing 28 U.S.C. § 1491); *see also Poblete v. United States*, No. 17-1069C, 2017 WL 6334790, at *4 n. 3 (Fed. Cl. Dec. 12, 2017) ("The Court also notes that . . . the District of Columbia and its courts are not agents of the United States.").

The First, Fourth, and Sixth Amendments, and the Due Process and Equal Protection clauses of the Fourteenth Amendment are not money-mandating. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (Fourth Amendment); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (Sixth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process and Equal Protection Clauses of the Fourteenth Amendment). In certain cases, these amendments may serve

as the underlying basis for claims that fall within this court's jurisdiction. *See Holley v. United States*, 124 F.3d 1462, 1466 (Fed. Cir. 1997) ("The presence of a constitutional issue does not erase the jurisdiction of the Court of Federal Claims based on a properly brought claim under the Tucker Act"). Here, however, Mr. Horn does not tie the various alleged constitutional violations to money-mandating statutes that this court has jurisdiction over. This court does not have jurisdiction over Mr. Horn's claims against the government arising under these constitutional provisions.

### D.     Mr. Horn's proposed amendments to the complaint would be futile

The court may deny Mr. Horn's motion to amend his complaint under RFCF 15(a)(2) if the amendment would be futile. *A & D Auto Sales*, 748 F.3d at 1158. A proposed amendment is futile if it would not survive a motion to dismiss. *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 650 (2014) (quoting *Shoshone Indian Tribe of the Wind River Reservation v. United States*, 71 Fed. Cl. 172, 176 (2006)). "The party seeking leave must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Id.* (*quoting Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006) (internal quotations omitted)).

Here, Mr. Horn's second proposed amendment to his complaint would not cure any of the deficiencies discussed above.[3] Mr. Horn has not alleged new facts that would alter whether his claims are time barred, nor has he alleged violations of any money-mandating statute that this court would otherwise have jurisdiction over. Allowing Mr. Horn to amend his complaint would be futile.

### III.     Conclusion

For the reasons stated above, this court **grants** Mr. Horn's application to proceed in forma pauperis, **grants** the government's motion to dismiss, **denies** Mr. Horn's motion to amend the complaint, and **dismisses** Mr. Horn's complaint. The Clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge

---

[3] Mr. Horn's first request to amend his complaint was timely and received by the court on June 9, 2023, but it was rejected for failing to comply with the rules of this court and for including unredacted personal information (ECF No. 11).